**David Anthony ROSTAN, Jr., a.k.a. Anthony David Rostano, a.k.a. David Anthony Rostano, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 05–12733**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 2007.

Steven M. Greenberg, Steven Mark Greenberg, P.A., Pembroke PNS, FL, for Appellant.

Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Appellee.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant David Rostan, through counsel, challenges the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After the denial of his § 2255 motion, Rostan filed a *pro se* application for certificate of appealability that asserted six different issues, which the district court granted in a blanket order.

Before addressing the merits of his claims, we note that, when the district court grants a certificate of appealability, its order "shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]." 28 U.S.C. § 2253(c)(3). Because the district court's order did not comply with the mandates of § 2253(c)(3), we vacate the order and remand this case to the district court for the court to specify the issues on which Rostan "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).[1]

**VACATED and REMANDED.**

---

1. Although we have in the past chosen to decide for ourselves which issues, if any, warranted a COA, here, remand seems to be the more viable option. *See Thomas v. Crosby,* 371 F.3d 782, 796 (11th Cir.2004) (discussing court of appeal's discretion whether to remand case to district court or whether to apply the COA standards itself), *cert. denied,*

543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d  793 (2005).